# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1914.

---

### David G. Geraghty, Plaintiff in Error, v. National Fire Proofing Company, Defendant in Error.

### Gen. No. 19,709.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 6, 1914.

### Statement of the Case.

Action by David G. Geraghty against National Fire Proofing Company to recover for personal injuries sustained by plaintiff. In a former trial plaintiff recovered a joint judgment against the defendant and the William Grace Company and on appeal the judgment was reversed with a finding of fact in favor of the William Grace Company, and directions for a new trial as to the defendant, the National Fire Proofing Company. The second trial resulted in a judgment in favor of the defendant and to reverse the judgment plaintiff prosecutes error. See 157 Ill. App. 308, 309.

One of the grounds relied on for reversal is the giving of the following instruction:

"If you believe from all the evidence in this case that the plaintiff's employer, the William Grace Company, was negligent in failing to exercise reasonable care in furnishing the plaintiff a reasonably safe place to work at the time of the accident, and that said negligence was the proximate cause of the injury complained of, then you should find the defendant, National Fire Proofing Company, not guilty."

RICE, LOWES & O'NEIL, for plaintiff in error.

FRANK M. COX and R. J. FELLINGHAM, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1818*—*conclusiveness of decision on former appeal.* The giving of an instruction calling upon the jury to readjudicate a question which was raised and decided on a former appeal, *held* error.

2. NEGLIGENCE, § 222*—*when instruction erroneous as ignoring question of defendant's negligence.* In an action for personal injuries where the suit was brought against a company other than plaintiff's employer, an instruction telling the jury that if they believed from the evidence that plaintiff's employer was negligent and that said negligence was the proximate cause of the injury they should find the defendant not guilty, *held* erroneous and the giving of the same reversible error, for the reason that it required the jury to ignore the question of defendant's negligence and the fact that it may have been concurrently negligent even if the proximate cause of the injury was the negligence of plaintiff's employer.

3. INSTRUCTIONS, § 81*—*when erroneous as singling out facts.* An instruction which improperly singles out one fact in the chain of the evidence for the consideration of the jury is erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.